UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| KERRY MATTHEW BRIDGES | CASE NO.: 06-10613(1)(7) |
| _____Debtor_____ | |
| KERRY MATTHEW BRIDGES | AP NO.: 11-1031 |
| Plaintiff | |
| vs. | |
| GRANGE MUTUAL CASUALTY COMPANY, et al. | |
| _____Defendant_____ | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motions to Dismiss the Complaint of Plaintiff/Debtor Kerry Bridges ("Debtor") filed by Defendants A.C. Donahue, Donahue Law Group, P.S.C. ("Donahue") and Grange Mutual Casualty Company ("Grange"). The Court considered the motion and supporting legal memoranda filed by the Defendants, the Response of Debtor and comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Defendants' Motions and enter the attached Order dismissing the Complaint.

## **LEGAL ANALYSIS**

In ruling on a Motion to Dismiss based on Rule 7012(b)(6) for failure to state a claim, the Court must construe the factual allegations contained in the Complaint as true and in the light most favorable to the plaintiff. *Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010). In the case at bar, accepting all allegations of Debtor's Complaint as true, the Complaint fails to set forth a claim upon which relief can be based.  No legally cognizable claim against the Defendants is stated and the Complaint must be dismissed with prejudice.

Debtor alleges in his Complaint that he filed a Chapter 7 Bankruptcy Petition on August 31, 2006.  In that Petition, he listed an undisputed debt of $35,000 owed to Grange arising out of a lawsuit in the Barren Circuit Court.  Debtor caused personal injury to a Grange insured and plead guilty to operating a motor vehicle under the influence of alcohol/drugs, operating a vehicle without insurance and driving on a suspended license. A default judgment was entered in the Barren Circuit Court action against Debtor.  On December 6, 2006 an Order of Discharge was entered in Debtor's Chapter 7 case. Subsequently, Grange, through Donahue, notified the Commonwealth of Kentucky Transportation Cabinet, Division of Driver's Licensing that Debtor had an outstanding unsatisfied civil judgment.  Debtor's driver's license was suspended.  Debtor incurred attorney's fees and costs in having his license reinstated.  Debtor then filed this adversary proceeding contending that there was no unsatisfied judgment pending against him as the

debt was discharged in his bankruptcy and that Defendants' actions violated the discharge injunction of 11 U.S.C. §524.

The issue before the Court is whether the Debtor's Complaint states a claim under 11 U.S.C. §524 against these Defendants. The Court concludes that the debt at issue was not discharged in Debtor's Chapter 7 case and that the Defendants were free to proceed with their actions. Accordingly, no claim is stated for violation of the discharge injunction and the Complaint must be dismissed.

Under 11 U.S.C. §524 a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . " 11 U.S.C. §524(a)(2); *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). It enjoins any conduct taken by a creditor with the intent to collect a discharged debt. *In re Andres*, 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995).

To be clear, however, §524 does not have the power to effect any discharge. *In re Kaufman*, 122 Fed. Appx. 815 (6th Cir. 2004). Exactly what is discharged in a Chapter 7 case is provided in 11 U.S.C. §727, which indicates,

> (b) <u>Except as provided in Section 523 of this title</u>, a discharge under subsection (a) this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, . . .

(Emphasis added).

Section 523 provides, in pertinent part,

> (a) A discharge under Section 727 . . . of this Title does not discharge an individual debtor from any debt - -
> . . . . .
> (9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance;

11 U.S.C. §523(a)(9).

The Debtor did not seek a formal judicial determination of the nondischargeability of this debt. Nothing in the Debtor's Petition or filings in the bankruptcy case "overcame Section 523's express wording" personal injuries caused by debtor's operation of a motor vehicle while the debtor was intoxicated from using alcohol are excepted from discharge. *See*, *In re Kaufman*, 122 Fed. Appx. 815, 819 (6th Cir. 2004) (wherein the Sixth Circuit rejected a debtor's attempt to declare student loans discharged by simply stating such loans were discharged under the terms of his Chapter 11 Plan); *See also*, *In re Amos*, 283 B.R. 864 (Bankr. W.D. Ky. 2002) (wherein this Court held that a student loan is not discharged, as a matter of law, where the discharge order was entered prior to any action to determine dischargeability prior to the creditor's efforts to collect the nondischargeable debt).

While exceptions to discharge for claims under 11 U.S.C. §523(a)(2), (4), or (6) are to be determined exclusively by bankruptcy courts (via the filing of timely adversary proceeding complaint per Fed. R. Bankr. P. 4007), "the same is not required of §523(a)(9)

-4-

drunk driving claims. *See*, §523(c)". *In re Tulloch*, 373 B.R. 370, 382 n.6 (Bankr. D. N.J. 2007). The allegations of the Complaint establish that the debt at issue resulted from personal injuries resulting from debtor's operation of a motor vehicle while intoxicated in violation of Kentucky law.

Debtor's case hinges on the entry of the discharge order in his Chapter 7 case as the basis for his claim that the Defendants violated the discharge injunction of 11 U.S.C. §524. However, a review of the Discharge Order reveals that it specifically excepted the debt from discharge. The Order states:

<u>Debts that are not Discharged</u>.

> Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:
> . . . . .
> (f) debts from personal injuries or death caused by the debtor's operation of a motor vehicle, vessel or aircraft while intoxicated;

*See*, Order dated 12/6/06 at Docket No. 9, Case No. 06-10613.

The Court's ruling herein comports with a prior decision of this Court, *In re Peppers*, 213 B.R. 956 (Bankr. W.D. Ky. 1996), which upheld the nondischargeability of a debt under 11 U.S.C. §523(a)(9) where the debt was acquired through contract by subrogation, as here. It further supports the objectives of Congress in enacting 11 U.S.C. §523(a)(9) as follows: 1) to deter drunk driving; 2) to ensure that those that cause injury by driving drunk do not escape civil liability through the bankruptcy laws; and 3) to protect victims of drunk driving.

*Peppers*, 213 B.R. at 961. No debtor should be allowed to thwart these objectives by manipulating the bankruptcy code in a manner not intended by Congress.

A Complaint to except a debt from discharge, other than one arising out of a debtor's false pretenses, false representation or actual fraud, fiduciary fraud or defalcation, or willful and malicious injury to a person or property of another (11 U.S.C. §523(a)(2), (4) or (6)), may be at any time, even after the bankruptcy case has been closed. *In re Bingham*, 163 B.R. 769 (Bankr. N.D. Texas 1984). Jurisdiction does not lie exclusively with this Court on dischargeability claims other than those predicated on 11 U.S.C. §523(a)(2), (4) or (6). *Id*. A creditor who does not file an adversary proceeding on a debt that is not discharged is not precluded from pursuing collection of the debt elsewhere. *In re Taibbi*, 293 B.R. 261 (Bankr. N.D. N. Y. 1997). This is the scenario set forth in the Debtor's Complaint. It does not set forth a legal claim entitling Debtor to relief against these Defendants for violation of 11 U.S.C. §524. The Complaint therefore, must be dismissed.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Motions to Dismiss of Defendants Grange Mutual Casualty Company, A.C. Donahue and Donahue Law Group, P.S.C. regarding the Complaint of Plaintiff/Debtor Kerry Bridges.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| KERRY MATTHEW BRIDGES | CASE NO.: 06-10613(1)(7) |
| Debtor | |
| KERRY MATTHEW BRIDGES | AP NO.: 11-1031 |
| Plaintiff | |
| vs. | |
| GRANGE MUTUAL CASUALTY COMPANY, et al. | |
| Defendant | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motions to Dismiss the Complaint of Plaintiff/Debtor Kerry Bridges against Defendants Grange Mutual Casualty Company, A.C. Donahue and Donahue Law Group, P.S.C., be and hereby are, **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Complaint of Plaintiff/Debtor Kerry Bridges against these Defendants, be and hereby is, dismissed with prejudice.